NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTONIO CHAVEZ,**
*Plaintiff-Appellant*

**AARON WILSON,**
*Plaintiff*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1205

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-01215-EJD, Senior Judge Edward J. Damich.

---

Decided: December 13, 2024

---

ANTONIO CHAVEZ, Fort Leavenworth, KS, pro se.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before STOLL, CLEVENGER, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Antonio Chavez appeals the dismissal of his action for lack of jurisdiction pursuant to 28 U.S.C. § 1500, which precludes the U.S. Court of Federal Claims (the "Claims Court") from exercising subject matter jurisdiction over "any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States." 28 U.S.C. § 1500; *see Chavez v. United States*, No. 23-1215, 2023 WL 6458956 (Fed. Cl. Oct. 4, 2023). Because § 1500 prohibits the Claims Court from having jurisdiction over this action, we affirm.

## BACKGROUND

Mr. Chavez received disability retirement from the United States Army in June 2012, retiring at the rank of Captain. In April 2019, the Army recalled him to active duty for the purpose of trial by court-martial. The Army charged Mr. Chavez with crimes committed between January 2004 and June 2005, during his time of active service. Mr. Chavez pled guilty, and a general court-martial convicted him in August 2019. The United States Army Court of Criminal Appeals upheld the conviction, and the United States Court of Appeals for the Armed Forces denied review. Throughout his prosecution, Mr. Chavez argued that the military courts lacked jurisdiction over him because of his status as a disability retiree. The Army dismissed Mr. Chavez from service in January 2021.

Because the Department of Veterans Affairs ("VA") adjusted his credit for honorable service time and lowered his disability rating to 10 percent, Mr. Chavez owed $299,696.03 in overpaid benefits and his disability compensation went from $3,433.50 per month to $522.39 per month.

Mr. Chavez filed a petition for a writ of habeas corpus in the United States District Court for the District of Columbia in December 2021. SAppx1008–23.[1] That court transferred the habeas petition to the United States District Court for the District of Kansas in January 2022.[2] In July 2023, Mr. Chavez filed a Complaint in the Claims Court (1) challenging the jurisdiction of the military courts over disability retirees pursuant to article 2(a)(4) of the Uniform Code of Military Justice (UCMJ) (10 U.S.C. § 802(a)(4)), and (2) seeking to collaterally attack the jurisdiction of the courts-martial that convicted him, backpay, and alteration of his military records. SAppx1074–98.

In October 2023, the Claims Court granted the Government's motion to dismiss Mr. Chavez's Complaint pursuant to Claims Court Rule 12(b)(1) for lack of subject matter jurisdiction because § 1500 bars it. Section 1500 provides that "[t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States." 28 U.S.C. § 1500. The Claims Court determined that: (1) Mr. Chavez's habeas petition is an earlier-filed pending suit or process for § 1500 purposes, and (2) the same operative facts gave rise to both Mr. Chavez's district court habeas petition and his Claims Court Complaint. Mr. Chavez filed a motion for reconsideration, which the Claims Court denied. Motion, *Chavez v. United States*, No. 23-1215 (Fed. Cl. Nov. 9, 2023), ECF No. 22; Order,

---

[1]   "SAppx" refers to the Supplemental Appendix filed with the Government's Informal Response Brief.

[2]   In December 2023, after the Claims Court dismissed this case, Mr. Chavez amended his habeas petition in the District of Kansas. SAppx1024–73.

*Chavez v. United States*, No. 23-1215 (Fed. Cl. Nov. 13, 2023), ECF No. 23.

Mr. Chavez appeals. He requests that the court take the following actions: (1) perform a comparison under *Trusted Integration, Inc. v. United States*, 659 F.3d 1159 (Fed. Cir. 2011), to determine whether the operative facts of his two lawsuits are the same; (2) "use his court-approved amended habeas corpus petition to perform the determination";[3] and (3) remand this matter to the Claims Court, but to a different judge, upon a determination that § 1500 does not bar Mr. Chavez's lawsuit. Appellant's Br. 21 (citation omitted). We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review the Claims Court's dismissal of a case for lack of subject matter jurisdiction de novo. *Trusted Integration*, 659 F.3d at 1163. Mr. Chavez "bears the burden of establishing the [Claims Court's] jurisdiction over [his] claims by a preponderance of the evidence. In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citation omitted).

---

[3] The Government does not object to or oppose a comparison between Mr. Chavez's Claims Court Complaint and his amended habeas petition. The Government even provides a copy of the amended petition in its Supplemental Appendix. SAppx1024–73. Mindful of Mr. Chavez's pro se status and the "uniformly applied" understanding that an amended pleading supersedes the original, we conduct our analysis using Mr. Chavez's amended habeas petition. *See, e.g., In re Samsung Elecs. Co.*, 2 F.4th 1371, 1376 (Fed. Cir. 2021).

Courts must make two inquiries to determine whether § 1500 applies: "(1) whether there is an earlier-filed 'suit or process' pending in another court, and, if so, (2) whether the claims asserted in the earlier-filed case are 'for or in respect to' the same claim(s) asserted in the later-filed Court of Federal Claims action." *Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (quoting *Trusted Integration*, 659 F.3d at 1163–64). "If the answer to either of these questions is negative, then the Court of Federal Claims retains jurisdiction." *Id.* "[T]wo suits are 'for or in respect to' the same claim 'if they are based on substantially the same operative facts, regardless of the relief sought.' Importantly, the legal theories underlying the asserted claims are irrelevant to this inquiry." *Id.* (quoting *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 317 (2011)).

Mr. Chavez does not dispute that his habeas petition was still pending in the District of Kansas when he filed his Complaint in the Claims Court. Accordingly, we focus our discussion on the second inquiry of the § 1500 analysis—whether Mr. Chavez's two lawsuits "are based on substantially the same operative facts, regardless of the relief sought." *Tohono*, 563 U.S. at 317. "Because determining whether claims arise from substantially the same operative facts requires a comparison of the relevant claims, we address each claim" in Mr. Chavez's Claims Court Complaint. *Trusted Integration*, 659 F.3d at 1165. As the Claims Court accurately explained, Mr. Chavez's Claims Court Complaint contains two Counts: (1) "the United States violated the Due Process Clause by recalling [him], taking away [his] disability retirement pay, and sentencing [him] to confinement;" and (2) "the Army did not have jurisdiction to convene a general court-martial against [him] because [he was a] civilian[]." *Chavez*, 2023 WL 6458956, at *4; SAppx1096–97.

In Count I of his Claims Court Complaint, Mr. Chavez alleges that: (1) the Government deprived him of "certain

rights guaranteed by the United States Constitution, Fifth Amendment . . . by illegally 'recalling' [him] although there is no statutory authority to order an involuntary recall . . . pursuant to 10 U.S.C. § 688"; (2) the Government "violated the due process of law by subjecting [Mr. Chavez] to Article 2(a)(4) UCMJ jurisdiction by intentionally misinterpreting the term 'pay'"; (3) the Government "violated due process of law by . . . convening a general court-martial and imposing a judgment and a sentence of dismissal and confinement against [Mr. Chavez] who [is a] civilian[]"; (4) the Government "illegally deprived [Mr. Chavez] due process of law by taking [his] property interest to disability retired pay"; (5) the Government "illegally deprived [Mr. Chavez] due process of law by taking [his] property interest in VA disability compensation pay"; and (6) the Government "illegally deprived [Mr. Chavez] of [his] liberty in violation of due process by placing [him] in confinement at the United States Disciplinary Barracks, Fort Leavenworth, KS." SAppx1096 ¶¶ 85–91. The first, second, third, and sixth allegations match those in Count I of Mr. Chavez's amended habeas petition almost verbatim. *Compare id.*, *with* SAppx1069 ¶¶ 72–76.

In Count II of his Claims Court Complaint, Mr. Chavez reiterates that: (1) the "general courts-martial . . . had no jurisdiction" because Mr. Chavez "w[as] tried as [a] civilian[]," (2) "[he] w[as] illegally deprived of [his] property right to disability retired pay," and (3) "[he] w[as] illegally deprived of [his] property right to VA disability compensation pay." SAppx1097 ¶¶ 93–95. As such, Mr. Chavez repeats his fourth and fifth allegations from Count I of the Complaint. These Count II allegations overlap with those in Counts II and III of Mr. Chavez's amended habeas petition. In Count II of the amended habeas petition, Mr. Chavez includes "[d]eclare '[d]isability retired pay' granted," and in Count III of that petition, he alleges that he "was illegally apprehended by U.S. Army

military authorities . . . [and] [t]hese military authorities had no jurisdiction." SAppx1070 ¶¶ 80, 86.

Comparing the conduct pled in Counts I–II of Mr. Chavez's Claims Court Complaint with that pled in Counts I–III of his amended habeas petition, "it is apparent that each count involves nearly identical conduct." *Trusted Integration*, 659 F.3d at 1165. The Government argues that "Mr. Chavez asked two separate courts to review the same matter—the legitimacy of his court-martial," and that the "only difference between the two cases [is] the specific consequences he sought to reverse": in his habeas petition, a reversal of his incarceration; and in his Claims Court Complaint, a reversal of "the administrative consequences of his court martial, including the change in his character of discharge and the reduction of his VA disability benefits." Appellee's Br. 6. We agree. *Compare* SAppx1068–72, *with* SAppx1096–98. And under *Tohono*, when determining whether two suits "are based on substantially the same operative facts," we disregard "the relief sought in each suit." 563 U.S. at 317.

The problem with Mr. Chavez's position is that he emphasizes the distinction in relief sought, which Supreme Court caselaw requires us to disregard. He argues:

> The Court of Federal Claims erred because [his] claim for monetary damages and correction of military records . . . is not barred under 28 U.S.C. § 1500, because the "operative facts" in a writ of *habeas corpus* (28 U.S.C. § 2241) are limited to custody and detention—there are no "operative facts" in relation to a monetary claim to compare.

Appellant's Br. 13; *see also* Appellant's Br. 4 ("[T]here are no 'operative facts' to compare between the two lawsuits, because such comparisons are premised on both suits making *monetary* claims . . . ."). Contrary to Mr. Chavez's arguments, however, that his petition for a writ of habeas

corpus is not a claim for monetary relief does not mean that § 1500 does not bar his monetary claims filed in the Claims Court. As the Supreme Court explained in *Tohono*:

> Reading [§ 1500] to require only factual and not also remedial [*i.e.*, relief sought] overlap makes sense in light of the unique remedial powers of the [Claims Court]. The [Claims Court] is the only judicial forum for most nontort requests for significant monetary relief against the United States. Unlike the district courts, however, the [Claims Court] has no general power to provide equitable relief against the Government or its officers. The distinct jurisdiction of the [Claims Court] makes overlapping relief the exception and distinct relief the norm. For that reason, a statute aimed at precluding suits in the [Claims Court] that duplicate suits elsewhere would be unlikely to require remedial overlap.

563 U.S. at 313–14 (citations omitted). And in *Tohono*, even though one suit sought equitable relief and the other sought money damages, *id.* at 310, the Court held that "[u]nder § 1500, the substantial overlap in operative facts between the . . . District Court and [Claims Court] suits preclude[d] jurisdiction in the [Claims Court]." *Id.* at 318. Here, under the same statute, the substantial overlap in operative facts between Mr. Chavez's amended habeas petition and his Claims Court Complaint precludes jurisdiction in the Claims Court.

Because the Claims Court lacks jurisdiction, we need not decide whether a different Claims Court judge should preside over this case were we to remand.

## CONCLUSION

Because Counts I and II of Mr. Chavez's Claims Court Complaint arise from the same operative facts as the claims asserted in his amended habeas petition filed in

district court, the Claims Court properly held that § 1500 bars these claims.  We thus affirm.

## **AFFIRMED**

### COSTS

No costs.